**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20346
Summary Calendar
_____

W. FOSTER SELLERS,

Plaintiff-Appellant,

VERSUS

R. D. BOYD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 94 4275)
_____
September 8, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

W. Foster Sellers appeals the dismissal, as frivolous under 28 U.S.C. § 1915(d), of his prisoner's _pro se_ civil rights action filed pursuant to 42 U.S.C. § 1983. Finding no error, we affirm.

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

Sellers sued four prison officers at the Wynne Unit concerning three disciplinary proceedings. The first disciplinary proceeding (Case #1) concerned officer Bennett's charging Sellers, on October 17, 1992, with possession of contraband (a cardboard box taped together as a legal file folder) and abnormal behavior that disrupted Bennett's duty (turning out other inmates for the law library). Officer Boyd, the disciplinary hearing officer ("DHO"), reduced the charge from major to minor, dismissed the abnormal-behavior charge, refused to allow Sellers to present witnesses, refused him the opportunity to present his written statement, relied upon Bennett's charge to find Sellers guilty, and meted out punishment of eight hours' extra-work duty.

The second disciplinary case (Case #2) covered the charge that Sellers, on March 10, 1994, possessed gambling paraphernalia (a point-spread sheet) and the name and prison number of a fellow inmate with whom Sellers planned to bet. Lt. Robinson, the DHO, tried the minor case. Sellers was not provided a substitute counsel and was not allowed to call witnesses or examine the charge report. He did submit his written statement explaining his version of the facts. Robinson found Sellers guilty and ordered twenty hours of extra-work duty as punishment.

As for the third disciplinary case (Case #3),[1] Lt. Losack charged that Sellers, on November 1, 1994, possessed gambling

_____

[1] When Sellers filed his complaint in federal court, he had not exhausted his administrative remedies as to Case #3.

paraphernalia (seven envelopes containing 260 parlay tickets). Sellers was charged with gambling, pursuant to Code 19 of the TDCJ Disciplinary Offenses, although he alleged that he was found guilty of possession of gambling paraphernalia, Code 16. See TDCJ-ID Disciplinary Rules and Procedures, XIV, offense codes 16(f)(2), 19 (Rev. May 1991) (Code 16(f)(2) prohibiting the possession of items used for gambling and Code 19 prohibiting "betting on the outcome of any event," with notation that "possession of gambling paraphernalia may be sufficient evidence" of violation).

Counsel substitute Swinburn served the charge on Sellers and asked him whether he knew of any witnesses. Sellers told him that he would have to think about it. Sellers never saw Swinburn again. Sellers assumed that Swinburn was his counsel substitute, but another person, whose name Sellers did not know, represented him at the hearing.

Sellers's defense at the hearing was that he had agreed to deliver the parlay tickets to the prison gym for another inmate in return for a bag of coffee, which he had with him when Losack caught him with the parlay tickets. The evidence presented against Sellers was the computerized charge and the tickets.

Based upon the officer's offense report and the tickets, the DHO found Sellers guilty of possessing gambling paraphernalia. Sellers's punishment was a classification reduction, from SAT 3 to Line 1. This in turn caused the unit's classification committee to place Sellers in medium custody))he

3

had been in minimum custody))and to transfer him to another housing wing.

Related to Case #3, Sellers alleged that the day after he was caught with the parlay tickets, but before he received notice of the disciplinary hearing, Losack arranged for a job transfer for Sellers, from the boot line to the tag plant. Sellers contended that the tag plant's policies forbade the use of medium-custody inmates and required its workers to wear steel-toe shoes, which he asserted his medical condition prevented him from wearing. Sellers viewed this job transfer as punitive without due process.

From the above alleged facts, Sellers contended he was denied due process in the following manner: (1) He was charged with one offense but found guilty of another of which he had no notice; (2) TDCJ Rule IX, lesser-included offenses, created a liberty interest from being convicted of possession of gambling paraphernalia when the charged offense was gambling; (3) in Cases #1 and #2, the DHO refused to allow him to call witnesses or to have a counsel substitute; (4) in all cases, the DHO failed to give adequate findings and to identify upon what evidence he relied; (5) in all cases, the DHO failed to inform him that the DHO was considering, as evidence, the charging officer's statement and the investigation report, and the DHO failed to disclose these items to Sellers; and (6) in Case #3, Sellers received ineffective assistance of counsel substitute from his counsel substitute's conflict of interest))he served as

4

investigator at the same time he was Sellers's advocate.

The district court did not utilize a questionnaire or a Spears[2] hearing for further factual development of the complaint but, after analyzing Cases #1 and #2 together as minor disciplinary proceedings and after covering the various issues raised under Case #3, concluded that Sellers's claims had no arguable basis in law and dismissed the complaint without prejudice as frivolous.

## II.

An IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992). We review the dismissal for abuse of discretion. Id. at 33. "If the state provides a procedurally adequate hearing, it does not deprive an inmate of constitutional rights, because the constitution guarantees only the right to be free from deprivation of life, liberty or property without due process." Stewart v. Thigpen, 730 F.2d 1002, 1006 (5th Cir. 1984).

## A.

The district court analyzed Sellers's claims by initially categorizing the three cases by the amount of process due the inmate, whether pursuant to Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974), or Hewitt v. Helms, 459 U.S. 460, 476 (1983).

_____

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

5

Because the punishment in Cases #1 and #2 (extra work-duty hours) did not affect parole or the amount of good-time credits possessed or to be acquired, the district court viewed these cases under Helms. Sellers argues that these cases demand the due process protections as enunciated in McDonnell.

Sellers argues that McDonnell should apply to minor TDCJ disciplinary cases because minor infractions may lead to cumulative punishment that would implicate McDonnell. Under prior TDCJ rules, this was true and did result in all TDCJ disciplinary proceedings' being analyzed under McDonnell. See Moody v. Miller, 864 F.2d 1178, 1180 (5th Cir. 1989). The TDCJ regulations as revised in 1991 do not provide for such cumulative punishment, however.

Sellers argues that TDCJ officials have "a loose practice" of upgrading a third offense to major, thus requiring McDonnell due process, when the third offense occurs within ninety days of an earlier one. Even assuming this is true, Sellers's factual allegations make this practice inapplicable, as his third infraction occurred in November 1994 and his second one the previous March.

Sellers incorrectly argues that McDonnell should apply because the law looks to potential, not actual, punishment. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). He contends that the mere fact that a blemish is indelibly stamped upon an inmate's record is sufficient justification for evoking McDonnell. Controlling law holds otherwise. See id.; Sandin v.

6

Conner, 115 S. Ct. 2293 (1995) (noting the interests underlying due process protections in the context of prison disciplinary proceedings).

Sellers contends that because the parole board considers an inmate's conduct when deciding parole matters, McDonnell should apply to misconduct proceedings. Conduct is, in fact, one of many factors considered by the board. See TEX. CODE CRIM. PROC. ANN. art. 42.18, § 8(e) (Supp. 1995). Moreover, the board has discretion to interview the inmate before the parole determination in which, presumably, any issue concerning past prison misconduct can be addressed. See id. § 8(f)(5). Because Cases #1 and #2 do not involve imposition of solitary confinement or the loss of good-time credit, however, Sellers was not entitled to McDonnell's due process protections. See Murphy, 26 F.3d at 541.

B.

Under Helms, 459 U.S. at 476, an inmate is entitled to "some notice of the charges against him and an opportunity to present his views." See Murphy, 26 F.3d at 543. In Conner, the Court recently adopted a new methodology, different from the Helms test, for determining whether a state has created a protected liberty interest to benefit prison inmates. Under Conner, a reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state conceivably had

7

created a liberty interest. <u>Conner</u>, 115 S. Ct. at \_\_\_\_. <u>Helms</u>'s remaining vitality is in question. <u>See</u> <u>Conner</u>, <u>id.</u> at \_\_\_\_ n.5.

At the very most, Sellers is entitled constitutionally to the procedural protections of <u>Helms</u>: some notice and an opportunity to be heard. Thus, due process is not implicated concerning the DHO's refusal to allow witnesses, to give an adequate statement of the evidence considered in each case, to state adequate reasons for finding Sellers guilty, or to inform Sellers that he was considering the charging officer's report or any investigatory report. According to the facts as alleged in Sellers's complaint, he had notice of the charges, submitted his written statement to the DHO in Case #2, and had a counsel substitute for representation in Case #1.

Sellers received the process due him in Cases #1 and #2. <u>See</u> <u>Murphy</u>, 26 F.3d at 543. Thus, the district court did not abuse its discretion in determining that the due process claims concerning these cases were frivolous. <u>See</u> <u>Hernandez</u>, 504 U.S. at 33.

C.

Sellers raises several arguments concerning Case #3 and the district court's conclusion that no due process violation occurred. Sellers alleged that his punishment in Case #3 was a downgrade in classification. On appeal, he expressly states that this punishment affected his acquisition of good-time credits. Thus, the district court correctly applied <u>McDonnell</u>. <u>See</u>

8

<u>Murphy</u>, 26 F.3d at 543.

Sellers was entitled to (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement by the DHO as to the evidence upon which he relied and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. <u>McDonnell</u>, 418 U.S. at 563-66. Sellers neither alleged nor argues that he was denied the opportunity to call witnesses or present evidence.

Sellers avers that because he was charged with gambling under Code 19 and found guilty of possession of gambling paraphernalia under Code 16, the notice he received of the Code 19 violation was insufficient notice for a Code 16 conviction. The description of Sellers's offense was that on November 1, 1994, he "possess[ed] gambling paraphernalia, namely, 7 small envelopes containing 260 parley tickets." Sellers signed this document on November 4, and the hearing was held on November 7.

Violations of Codes 16 and 19 are listed at the same offense and punishment level, and Code 19, gambling, states that possession of gambling paraphernalia may be sufficient evidence of a Code 19 violation. <u>See</u> TDCJ-ID Disciplinary Rules and Procedures, XIV, Codes 16(f)(2), 19. Moreover, TDCJ regulations allow the DHO to find an inmate guilty of a lesser-included offense "without further notice and hearing." TDCJ-ID Disciplinary Rules and Procedures, IX(A). Therefore, there was

9

no due process violation concerning lack of notice.

Sellers argues that the DHO failed to give either adequate reasons for the particular punishment or sufficient analysis of the evidence, i.e., findings. The DHO wrote that he relied upon the charging officer's I-210 report in finding Sellers guilty and that the reason for the classification-reduction punishment was "gambling paraphernalia found on inmate in the hallway." The DHO complied with McDonnell. See Franklin v. Rollo, No. 94-40431, slip op. at 3 (5th Cir. Jan 25, 1995) (per curiam) (unpublished).

Sellers contends that due process was violated by the ineffective assistance of his counsel substitute, based upon an alleged conflict of interest created by counsel substitute's role as the inmate's advocate and a TDCJ regulation that allegedly provides for a counsel substitute to investigate the case for prison officials. See TDCJ-ID Disciplinary Rules and Procedures, I(C), IV(B) (regulations explaining the need for an investigation prior to a major disciplinary hearing and the role or function of counsel substitute). Even if the TDCJ regulations provide that it is the inmate's counsel substitute who is supposes to conduct the prehearing investigation, Sellers did not allege such facts in his complaint.

Sellers averred that Swinburn delivered the written notice of the gambling charge to him and asked whether he had any witnesses. Because Sellers asserted, however, that Swinburn did not represent him at the hearing, the claim is factually frivolous. Moreover, there is no authority of which we are aware

10

that acknowledges a right to any counsel at a prison disciplinary proceeding. Thus, Sellers's claim is legally frivolous as well.

Sellers argues that the district court misread his allegations concerning his claim of a denial of due process in the alleged punitive job transfer that occurred before the Case #3 hearing. He contends that due process requires some sort of hearing before an inmate can be transferred from one work duty to another when the transfer is predicated upon misconduct.

Prison officials have wide discretion in assigning inmates to work. See Jackson v. Cain, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989); Stewart, 730 F.2d at 1005. Sellers characterizes the prehearing job transfer to the tag plant as punitive because Losack, the charging officer in Case #3, knew or should have known that tag plant workers are required to wear steel-toed shoes, and Sellers could not wear these shoes because of his diabetic condition. In Sellers's uncompleted administrative appeal concerning Case #3, he alleged that after the Case #3 hearing, his case manager discovered that his medical records did not reflect the requirement of soft shoes. Moreover, it appears from Sellers's administrative-appeal allegations that prison officials were attempting to change his tag-plant assignment.

In light of these allegations and the fact that the transfer occurred before the hearing, there is no inference of a punitive nature to Sellers's job transfer. See Whittington v. Lynaugh, 842 F.3d 818, 819 (5th Cir.), cert. denied, 488 U.S. 840 (1988). Thus, no due process concern is implicated.

11

Accordingly, the district court did not err in concluding that Sellers's claims concerning Case #3 have no arguable legal basis.  The court did not abuse its discretion in dismissing these claims as frivolous.  See Hernandez, 504 U.S. at 33.

D.

Sellers avers that the district court erred by failing to transfer his complaint to the Ruiz court.  As explained above, the court did not abuse its discretion by dismissing the complaint for frivolousness.  Moreover, the Ruiz litigation is over.  See Ruiz v. Collins, No. 92-2373, slip op. at 6 n.3 (5th Cir. Dec. 23, 1992) (per curiam) (unpublished).

AFFIRMED.

12